UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

               Plaintiff,

-against-

LETITIA JAMES; ALVIN BRAGG,

               Defendants.

24-CV-3095 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff filed this action *pro se*. On May 21, 2024, the Court dismissed the amended complaint as barred by the Anti-Injunction Act, barred by the Eleventh Amendment, and for failure to state a claim on which relief may be granted. (ECF 11.) The Clerk of Court entered judgment on May 24, 2024. (ECF 12.) On May 28, 2024, Plaintiff filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure challenging the May 21, 2024 dismissal order. Plaintiff also filed a memorandum on law in support of his motion. On May 30, 2024, Plaintiff filed a "Renewed Letter Application For Temporary Restraining Order Against Spring Bank/Request to Supplement Memorandum o[f] Law." On May 31, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit.

    The Court liberally construes Plaintiff's submissions (ECF 13, 14, 16) as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate,

continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.  Jurisdiction**

Because Plaintiff has filed a notice of appeal, the Court must address whether it has jurisdiction to consider his motion for relief under Local Civil Rule 6.3, Rule 59(e), and Rule 60(b). Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure, however, provides that a district court has jurisdiction to rule on a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure if a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of the order. Fed. R. App. P. 4(a)(4)(A). If a party files a notice of appeal before the district court disposes of such a motion, then the notice of appeal does not become "effective" until after the district court rules on that motion. *See* Fed. R. App. P. 4(a)(4)(B)(i).

Here, the Clerk of Court entered judgment on May 24, 2024. Plaintiff therefore had 28 days to file a timely motion for reconsideration. *See* Fed. R. Civ. P. 59(e). He filed his motion on May 28, 2024, within 28 days after the Court issued its May 24, 2024 order. The Court therefore has jurisdiction to consider his request.[1] *See* Fed. R. App. P. 4(a)(4)(B)(iv).

---

[1] A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). Plaintiff's Rule 6.3 motion was filed within 14 days of the May 24 2024 entry of judgment and is therefore timely.

B.        **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). "A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In his motion, Plaintiff puts forth various legal arguments for why he believes the Court's decision to be incorrect. As stated in the Court's order, under the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous of malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Livingston v. Adirondak Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While Plaintiff correctly points out that viable claims under 42 U.S.C. § 1983 are generally excepted from the Anti-Injunction Act, *see Mitchum v. Foster*, 407 U.S. 225, 243-44 (1972), the complaint fails to state a viable constitutional claim under Section 1983. As the Court held in its order, "[e]ven if the Anti-Injunction Act did not apply, and Defendants did not enjoy Eleventh Amendment immunity, Plaintiff has still not alleged facts suggesting a viable constitutional claim." (ECF 11, at 7.) The

3

Court has considered Plaintiff's arguments in the motion regarding Eleventh Amendment immunity and his constitutional claims under Section 1983, and nothing in the motion changes the Court's holding. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**C.    Motion for Reconsideration under Local Civil Rule 6.3**

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

The Court denies Plaintiff's motion under Local Civil Rule 6.3 for the same reasons that it denies his motion under Rule 59(e).

**D.    Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 13, 14, 16) is denied. The Clerk of Court is directed to terminate all motions in this action.

The Clerk of Court is directed to accept no further documents in this action other than those directed to the Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 3, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge