UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON WIMBERLY,

                Plaintiff,

-against-

LETITIA JAMES; ALVIN BRAGG,

                Defendants.

24-CV-3095 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On May 21, 2024, the Court dismissed the amended complaint as barred by the Anti-Injunction Act, barred by the Eleventh Amendment, and for failure to state a claim on which relief may be granted. (ECF 11.) The Clerk of Court entered judgment on May 24, 2024. (ECF 12.) On May 28, 2024, Plaintiff filed a motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure challenging the May 21, 2024 dismissal order. (ECF 14.) Plaintiff also filed a memorandum on law in support of his motion. (ECF 13.) On May 30, 2024, Plaintiff filed a "Renewed Letter Application For Temporary Restraining Order Against Spring Bank/Request to Supplement Memorandum o[f] Law." (ECF 16.) On May 31, 2024, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit. (ECF 15.)

      By order dated June 3, 2024, and entered on the court's docket on June 5, 2024, the Court liberally construed Plaintiff's submissions (ECF 13, 14, 16) as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local Civil Rule 6.3, and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). The Court determined that it had jurisdiction to consider the motion notwithstanding Plaintiff's having filed a notice of appeal and, having considered Plaintiff's arguments, denied the motion. (ECF 18.)

The Clerk of Court mailed the Court's June 3, 2024 order denying Plaintiff's motion to him on June 6, 2024.

It has come to the Court's attention that on June 4, 2024, after the Court's order denying reconsideration was signed, but before it was entered on the court's docket and mailed to Plaintiff, Plaintiff filed an additional letter, (ECF 17), which is virtually identical to Plaintiff's May 30, 2024 letter (ECF 16.)

The Court has reviewed Plaintiff's June 4, 2024 letter and has determined that it does not alter the Court's conclusions in its May 21, 2024 order of dismissal and judgment, or its June 3, 2024 order denying Plaintiff's motion for reconsideration.

## CONCLUSION

The Court has reviewed Plaintiff's June 4, 2024 letter (ECF 17) and has determined that the arguments set forth therein do not alter the Court's May 21, 2024 order of dismissal and judgment or the Court's June 3, 2024 order denying Plaintiff's motion for reconsideration.

The Clerk of Court is directed to accept no further documents in this action other than those directed to the Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 11, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge